THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BROOKS HOUGHTON; JOHN/JANE DOES 1–20,<br><br>Plaintiffs,<br><br>v.<br><br>CHISTOPHER D. HALES; SINDAKIT SOFTWARE; MC VENTURES, LLC; BETTORDAYS, INC.; JOHN/JANE DOES 21–40,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [21] MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:20-cv-00227-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff's Motion for Default Judgment against Defendant Christopher D. Hales.[1] Having reviewed the briefing, Plaintiff's Complaint, and relevant law, the court rules as follows.

## UNCHALLENGED FACTS

Plaintiff Brooks Houghton and Defendant Christopher Hales are residents of Utah.[2] Hales sold purported securities or investment contracts to Houghton for a company named "Sindakit Software," which he represented as having an algorithm or some other specialized computer software it had purportedly developed for use in sports betting.[3] Generally, Hales represented that Houghton would have an ownership interest in Sindakit Software, for which he would be

---

[1] Motion for Default Judgment, ECF No. 21.

[2] Complaint, ECF No. 2 at ¶¶ 1, 3.

[3] *Id.* at ¶ 17. A failure to deny a well-pleaded allegation, other than an allegation of damages, constitutes an admission of the fact. Fed. R. Civ. P. 8(b)(6). Accordingly, considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

paid a shareholder dividend from that company's profits.[4] Hales occasionally made dividend payments to Houghton.[5] However, these dividend payments by Hales came from the sales of purported "securities" to new investors.[6] Under this scheme, Houghton paid Hales $542,500 for an ownership interest in Sindakit Software.

Houghton filed a Complaint on April 6, 2020, alleging six causes of action: (1) breach of contract, (2) unjust enrichment, (3) breach of the covenant of good faith and fair dealing, (4) voidability of contract for fraud, (5) violation of Section 10(b) of the Securities Exchange Act of 1934, and (6) violation of the Utah Securities Act.[7] The Complaint and Summons were served on Hales on April 9, 2020, and Hales has not filed an answer or other response to the Complaint.[8] After the Clerk of Court certified Hales' default, Houghton filed the instant motion for default judgment on November 18, 2020.[9]

## ANALYSIS

### I.    This Court Has Jurisdiction Over the Parties and the Subject Matter.

As an initial matter, the court must ensure that jurisdiction exists to enter default judgment. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[10] "In reviewing its personal jurisdiction, the court does

---

[4] ECF No. 2 at ¶ 18.

[5] *Id.* at ¶ 19.

[6] *Id.*

[7] *See generally id.* Houghton also asserts a seventh cause of action seeking restitution against Bank of America. *See id.* at ¶¶ 66–72. However, Houghton dismissed claims against Bank of America on November 23, 2020. *See* ECF Nos. 19, 25.

[8] ECF No. 12.

[9] *See* ECF Nos. 18, 21.

[10] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment."[11]

With respect to personal jurisdiction, Houghton served Hales with a Summons and Complaint through a Weber County Jail Clerk who stated they were authorized to accept service on behalf of Hales, an inmate.[12] Accordingly, the court has personal jurisdiction over Hales in this matter.

As to subject matter jurisdiction, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."[13] Houghton alleges one federal law claim against Hales under Section 10(b) of the Private Securities Litigation Reform Act.[14] Although not explicit in the statute, the Supreme Court has held that "a private right of action is implied under § 10(b)."[15] Accordingly, this court has jurisdiction over the subject matter.[16]

## II.  Houghton's Complaint Does Not Allege an Adequate Section 10(b) Claim.

---

[11] *Id.*

[12] ECF No. 12.

[13] *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

[14] 15 U.S.C. § 78j(b).

[15] *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) (quoting *Superintendent of Ins. of N.Y. v. Bankers Life & Casualty Co.*, 404 U.S. 6, 13 n.9 (1971)).

[16] Because the Complaint inadequately alleges the federal cause of action, the court declines, at this juncture, to determine whether it is appropriate to exercise pendent jurisdiction over the state law claims. *See Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 802–03 (10th Cir. 1991) ("Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim arising under the Laws of the United States and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (ellipsis and internal quotation marks omitted) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "Once power exists over pendent state claims, the decision to exercise this power is a matter of judicial discretion informed by considerations of judicial economy, convenience and fairness to litigants and comity in the federal system." *Id.* (citation and internal quotation marks omitted).

Generally, "[d]efault judgments are a harsh sanction," and are "available only when the adversary process has been halted because of an essentially unresponsive party."[17] Even where a party fails to respond, however, "[t]he judgment must be supported by a sufficient basis in the pleadings."[18] In other words, "[a] defendant's default does not in itself warrant the court in entering a default judgment,"[19] but "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[20]

In the Complaint, Houghton asserts only one federal cause of action.[21] He generally alleges that Hales violated Section 10(b) of the Securities Exchange Act of 1934.[22] Accepting the well-pleaded, unchallenged facts as true, Houghton's allegations fall short of the heightened pleading requirement for this cause of action.[23] That is, the Complaint fails to allege with the requisite particularity a Section 10(b) violation and the motion for default judgment must be denied.

Section 10(b) "makes it unlawful 'to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the SEC may prescribe as necessary or appropriate in the public

---

[17] *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (citation and internal quotation marks omitted).

[18] *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016).

[19] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (brackets and internal quotation marks omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[20] *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).

[21] *See generally* ECF No. 2.

[22] ECF No. 2 at ¶¶ 51–60. Section 10(b) of the Securities Exchange Act of 1934 is codified at 15 U.S.C. § 78j(b).

[23] *Tripodi*, 810 F.3d at 764 ("After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.").

interest or for the protection of investors."[24] In regulations promulgated under Section 10(b), the Securities Exchange Commission has stated it is unlawful "in connection with the purchase or sale of any security":

> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person[.][25]

In sum, a private plaintiff alleging a Section 10(b) violation must show: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation."[26]

With its passage of the Private Securities Litigation Reform Act of 1995 (PSLRA), Congress imposed a heightened pleading standard applicable to the first two elements of a Section 10(b) claim.[27] To adequately allege a claim under the heightened standard, the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."[28] As to the scienter element, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that

---

[24] *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003) (brackets omitted) (quoting 15 U.S.C. § 78j(b))*, as amended on denial of reh'g* (Aug. 29, 2003).

[25] 17 C.F.R. § 240.10b-5.

[26] *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 157 (2008).

[27] *See* Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67, 109 Stat. 737.

[28] 15 U.S.C. § 78u-4(b)(1).

5

the defendant acted with the required state of mind."[29] Further, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences."[30] Together, these elements require plaintiffs to "bear[] a heavy burden at the pleading stage."[31]

In general terms, Houghton alleges that "Hales sold purported securities or investment contracts to Plaintiffs for a company 'Sindakit Software' which he represented as having an algorithm or some other specialized computer software it had purportedly developed for use in sports."[32] The Complaint also alleges that Hales represented to Plaintiff that "through the transfer of . . . securities, . . . Plaintiff would have an ownership interest in Sindakit Software, for which he would be paid a shareholder dividend from the company's profits."[33] Houghton alleges that "Sindakit Software had no dividends to pay to any investors from conducting a legitimate business activity and therefore the purported dividends paid by Defendant Hales . . . were from the sales of 'securities' by Hales to new investors[.]"[34] However, "Hales did, from time to time, make purported dividend payments to Plaintiff in accordance with his prior representation that Plaintiff would be paid dividends for the purported purchase of his shares in Sindakit Software."[35] Lastly, Houghton alleges, "Additionally, or alternatively, Sindakit Software had no

---

[29] *Id.* § 78u-4(b)(2).

[30] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

[31] *See In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012).

[32] ECF No. 2 at ¶ 17 (italics omitted).

[33] *Id.* at ¶ 18; *see id.* at ¶ 45 ("Defendant represented that he was selling Plaintiff an ownership interest in Sindakit Software, whose principal product or service was a newly developing algorithm or software, for which ownership interest Plaintiff would receive dividends if the company performed well.").

[34] *Id.* at ¶ 19; *see id* at ¶ 46.

[35] *Id.* at ¶ 19.

legitimate product or service but was a sham or a pretense invented by Defendant Hales for the purpose of defrauding investors, which Defendant Hales also materially failed to disclose."[36]

Although averred generally, Houghton does not "specify each statement alleged to have been misleading."[37] For example, he alleges that Hales represented that Sindakit Software had "an algorithm or some other specialized computer software," but he identifies no time, place, or medium of any alleged statement.[38] The lack of clear and specific allegations of statements or omissions by Hales render the Complaint insufficient to adequately allege a Section 10(b) violation. The Complaint therefore lacks an adequate basis to support a judgment.[39]

The Complaint's allegations of scienter, the second Section 10(b) element, also fall short of the heightened pleading standard. Scienter is "a mental state embracing intent to deceive, manipulate, or defraud."[40] As noted, to adequately plead scienter, the pleading must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."[41] In his Complaint, Houghton states in conclusory fashion that "Defendant Hales made material misstatements or omissions with an intent to deceive, manipulate or defraud Plaintiff."[42] Rather than assert supporting facts, this allegation simply repeats the legal definition of scienter.[43] Moreover, this general allegation fails to allege scienter "with respect to each act or

---

[36] *Id.* at ¶ 47.

[37] 15 U.S.C. § 78u-4(b)(1).

[38] ECF No. 2 at ¶¶ 17, 45.

[39] *Stoneridge Inv. Partners*, 552 U.S. at 157; *see Tripodi*, 810 F.3d at 765.

[40] *In re Zagg, Inc. Sec. Litig.*, 797 F.3d 1194, 1200 (10th Cir. 2015) (quoting *Tellabs*, 551 U.S. at 319).

[41] 15 U.S.C. § 78u-4(b)(2).

[42] ECF No. 2 at ¶ 55; *see id.* at ¶ 10 ("Other of the John/Jane Does 21–40 named as Defendants are yet unidentified entities created and/or controlled by Defendant Christopher Hales for conducting illegal activities with the intent to defraud investors as set-out below.").

[43] *See Bixler*, 596 F.3d at 762 (observing that "a party in default does not admit mere conclusions of law" (citation and internal quotation marks omitted)).

omission" let alone with particular facts "giving rise to a strong inference that the defendant acted with the required state of mind."[44]

Elsewhere, Houghton alleges that previous lawsuits involving Hales "demonstrate [Hales'] common plan or scheme . . . to defraud his victims."[45] The fact that a criminal and a civil case exist, even if the instant proceeding arises "from the same set of events and circumstances," does not relieve a plaintiff of the obligation to plead scienter with particularity as to each alleged misleading statement.[46] Rather, "[a] plaintiff must show: (1) the defendant knew of the potentially material fact, and (2) the defendant knew that failure to reveal the potentially material fact would likely mislead investors."[47] Simply put, the Complaint does not allege facts that give rise to inference of scienter, let alone a strong one.[48] Accordingly, Houghton has not carried the "heavy burden at the pleading stage" and the motion for default must be denied.[49]

## ORDER

For the reasons stated in this Memorandum Decision and Order, the court DENIES Plaintiff's motion for default judgment without prejudice.[50]

---

[44] 15 U.S.C. § 78u-4(b)(2).

[45] ECF No. 2 at ¶ 16.

[46] *Id.* at ¶ 14.

[47] *In re Zagg*, 797 F.3d at 1200–01.

[48] *Tellabs*, 551 U.S. at 323.

[49] *See In re Level 3 Commc'ns*, 667 F.3d at 1333. Because Houghton has not adequately alleged the first two elements of a Section 10(b) cause of action, judgment as a matter of law is inappropriate and separate analyses of each of the other elements is unnecessary.

[50] ECF No. 21.

Signed June 2, 2021.

                                                   BY THE COURT

                                                   David Barlow
                                                   United States District Judge