THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BROOKS HOUGHTON and JOHN/JANE DOES 1–20,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER D. HALES; SINDAKIT SOFTWARE; MC VENTURES, LLC; BETTORDAYS, INC.; and JOHN/JANE DOES 21–40,<br><br>Defendants. | **ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 2:20-cv-00227-DBB<br><br>Judge David Barlow |

Plaintiff Brooks Houghton ("Mr. Houghton") initiated this action against Defendants Christopher D. Hales ("Mr. Hales"); Sindakit Software; MC Ventures, LLC; Bettordays, Inc.; and other unnamed individuals who allegedly aided and abetted Mr. Hales (collectively "Defendants") by filing their Complaint on April 6, 2020.[1] The summonses were returned executed as to all Defendants in April 2020.[2] After the time for an answer had expired with Defendants having failed to file, Mr. Houghton moved for default judgment against Mr. Hales on May 1, 2020.[3] The Clerk of Court entered a default certificate on June 4, 2020.[4]

---

[1] ECF No. 2.
[2] *See* ECF Nos. 8, 9, 11, 12.
[3] ECF No. 13.
[4] ECF No. 18.

On June 2, 2021, the court denied the motion for default judgment without prejudice.[5] On March 1, 2022, because Mr. Houghton had not moved for leave to file an amended motion, the court ordered him to show cause as to why the case should not be dismissed for lack of prosecution.[6] On March 6, 2022, Mr. Houghton filed an amended complaint,[7] and then moved for an extension of time to amend the motion for default judgment.[8] The court granted the extension on March 8, 2022.[9]

As of June 29, 2022, Mr. Houghton had not filed an amended motion for default judgment. The court thus ordered him to file within fourteen days or face dismissal.[10] On July 12, 2022, he filed an amended motion for default.[11] On August 4, 2022, the court denied the motion without prejudice for failure to first obtain a certificate of default from the Clerk of Court.[12] The court gave Mr. Houghton fourteen days to seek an entry of default from the Clerk.

Mr. Houghton had not done so by November 8, 2022. Consequently, the court ordered him to show cause by November 15, 2022, as to why the case should not be dismissed for lack of prosecution.[13] Mr. Houghton did not file a status report by the deadline.

Where a plaintiff "has failed to prosecute [an] action with reasonable diligence, the court may dismiss it on motion of the defendant or on its own motion."[14] "Courts . . . have inherent authority to clear their 'calendars of cases that have remained dormant because of the inaction or

---

[5] ECF No. 26.
[6] ECF No. 27.
[7] ECF No. 28.
[8] ECF No. 29.
[9] ECF No. 30.
[10] ECF No. 32.
[11] ECF No. 34.
[12] ECF No. 37.
[13] ECF No. 38.
[14] *Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948).

dilatoriness of the parties seeking relief.'"[15] "Dismissal for failure to prosecute is the 'standard' way to clear 'deadwood from the courts' calendars' resulting from plaintiffs' 'prolonged and unexcused delay.'"[16] "Although the language of [Federal Rule of Civil Procedure] 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or [the] court's orders."[17] If a dismissal of an action is without prejudice, a court may "enter such an order without attention to particular procedures."[18]

Here, Houghton has demonstrated a pattern of inaction that has required repeated promptings from the court. Most recently, he has failed to respond to the court's third order to show cause, which warned him explicitly that a failure to comply would result in dismissal of his action. In sum, Mr. Houghton has failed to prosecute this action, comply with the court's orders, or show good cause why this action should not be dismissed.

## ORDER

Accordingly, Plaintiffs' action is DISMISSED without prejudice for lack of prosecution.

Signed November 17, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[15] *Herrera v. Nold*, No. 2:19-cv-32, 2022 WL 1772977, at *1 (D. Utah June 1, 2022) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).
[16] *Id.* (quoting *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988)).
[17] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).
[18] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see* Fed. R. Civ. P. 41(b); DUCivR 41-2.